**Davinder SINGH, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–72385.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 2005.

Decided April 27, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Robert B. Jobe, Esq., Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Esq., Patricia A. Smith, DOJ—U.S. Department of Justice, Richard M. Evans, Esq., Washington, DC, for Respondent.

Before: GOODWIN, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

MEMORANDUM **

Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination.[1] We treat the IJ's statement that "[t]here are too many matters that are simply

unexplained, and implausible in this record" as an adverse credibility finding.[2] We review the IJ's adverse credibility finding under the substantial evidence standard, and only reverse when the evidence compels a contrary result.[3]

The IJ's adverse credibility finding is supported by substantial evidence. The IJ offered specific, cogent reasons for his adverse credibility determination.[4] Among them were that (1) there was a disparity between Davinder Singh's age on his asylum application and his identity document from the Election Commission for India; (2) he claimed that he was a member of the Mehta–Chawala faction of the All–India Sikh Student Federation, a faction the State Department Report calls "violence prone," yet testified that the group was mostly peaceful and that he did not engage in violent activities; (3) he testified that he does not believe in voting yet possessed a voting card; (4) he submitted a letter purporting to show his membership in the Student Federation but the letterhead misspelled "Federation" as "Fedration"; and (5) he claimed to be an active member of a political organization but did not know the basic structure of the Indian government.

Every one of these reasons for doubting Davinder Singh's credibility might be subject to an innocent explanation, such as that he obtained the voting card just in case Sikh militant policy toward voting changed or the Indian political situation changed; or "Federation" might have been misspelled not because the letter was forged on a wordprocessor by someone not

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003).

2. *See Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir.2000).

3. *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1102 (9th Cir.2004).

4. *See de Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997).

very familiar with the Student Federation, but rather because it was typeset with cold type and after an error was made it was not worth throwing away all the stationary that left out the letter "e." But, it is not the IJ's burden to support his decision by showing that Davinder Singh was false to a certainty, or beyond a reasonable doubt. Rather, it was Davinder Singh's burden to establish his entitlement to asylum, and we do not have authority to overturn the IJ's decision unless "any reasonable adjudicator would be compelled to conclude the contrary."[5] While we are not convinced that the grounds cited by the IJ compel the conclusion that Davinder Singh was incredible, that is not the relevant question under the applicable standard of review. Because a contrary result is not compelled by the record as a whole, we decline to disturb the IJ's finding.

Petition for review DENIED.

---

5.  *Tawadrus,* 364 F.3d at 1102.

